UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SOL D. BROCK                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:11CV-716-S

FORD MOTOR COMPANY, et al                                  DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Voith Industrial Services, Inc. ("Voith"), to dismiss the claims against it on the ground that they are barred by the one-year statute of limitations for personal injury actions. KRS 411.140. For the reasons set forth herein, the claims against Voith will be dismissed.

The plaintiff, Sol D. Brock ("Brock"), a truck driver, claims that he was injured on December 16, 2010 when he fell on snow and ice outside of Dock Door S7 on the premises of the Ford truck plant in Louisville. At that time, a Preliminary Initial Security Incident Report (DN 21-1) was filed which indicated that Brock "...slipped and fell on ice landing on his hand and leg..." and noted that "Voith was informed of the ice and instructed to put salt in the area..."

Brock filed suit against Ford Motor Company on December 1, 2011 in the Jefferson County, Kentucky, Circuit Court. Ford removed the action to this court under our diversity jurisdiction on December 26, 2011. Brock moved for leave to file an amended complaint to name Voith as a defendant on June 7, 2012. The amended complaint was filed on July 5, 2012.

Voith has now moved to dismiss the claims against it as barred by Kentucky's one-year statute of limitations for personal injury actions. KRS 413.140. Voith contends that the one-year limitations period expired on December 16, 2011, one year after Brock's alleged fall.

Brock does not dispute that the one-year limitation applies. Rather, he contends that the discovery rule applies to toll the time for filing his amended pleading. He notes that in *Drake v. B.F. Goodrich Co.*, 782 F.2d 638, 641 (6th Cir. 1986) the United States Court of Appeals for the Sixth Circuit stated that KRS 413.140(1) begins to run from the date the plaintiff discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct, *quoting Louisville Trust Co. v. Johns-Manville Products Corp.*, 580 S.W.2d 497, 501 (Ky. 1979).

Voith contends that the discovery rule should not be applied to toll Brock's claims. It urges that the fact of Brock's injury and the offending instrumentality were immediately evident or at least discoverable in the exercise of reasonable diligence. "The discovery rule does not operate to toll the statute of limitations to allow an injured plaintiff to discover the identity of the wrongdoer unless there is fraudulent concealment or a misrepresentation by the defendant of his role in causing the plaintiff's injuries." *Fluje Corp. v. LeMaster*, 306 S.W.3d 55, 60 (Ky. 2010).

Brock was on notice on the day of his alleged injury of an entity named "Voith" who was notified of the purported icy condition and instructed to remediate it. Voith was named in the incident report. Brock concedes that he received a copy of the report on the day of the incident. "A person who has knowledge of an injury is put on 'notice to investigate' and discover, within the statutory time constraints, the identity of the tortfeasor." *Fluke*, 306 S.W.3d at 60, n. 7.

Brock contends that the statute of limitations did not begin to run until it received discovery responses on May 25, 2012 in which Ford indicated that Voith was the entity with whom Ford contracted for snow removal services.

Brock filed suit two weeks prior to the running of the statute of limitations. Brock first sought discovery on December 5, 2011, inquiring by interrogatory of "the name and address of each person or entity who was responsible for the maintenance, inspection, or repair of the premises at the location of the plaintiff's injuries on the date of the incident." *See,* DN 21, p. 2. However, despite the fact that the limitations period was about to expire on December 16th, 2011, Brock did nothing further to investigate and discover the identity of possible tortfeasors.

Brock argues that although he received a copy of the incident report naming Voith on the day of the incident almost one year prior to the filing of the lawsuit,

> The incident report is vague and ambiguous in that it (1) does not state whether Voith was responsible for salting the premises *prior to* the injury, (b) does not state whether Voith was an individual, business, employee, contractor, or some other entity, and (c) does not specify an address for Voith, among other omissions.

Response Brief, DN 21, p. 6.

This is a somewhat incredible argument considering that *Brock* was on notice *to investigate and discover* the identity of potential tortfeasors prior to the expiration of the statute of limitations. *Fluke, supra.* There was no misrepresentation or fraudulent concealment of the identity of the entity responsible for snow removal at the Ford plant nor does this action involve a latent injury.

Brock states that he "diligently investigated the identity of potential tortfeasors by engaging in pre-litigation settlement negotiations with Ford, and, when that failed, by propounding discovery requests simultaneously with the state court complaint and again in this court one day after the Rule

16 scheduling conference." DN 21, p. 6. He urges that Voith was not identified to him as the entity responsible for snow removal until May 25, 2012. Brock notes that, by agreement, he and Ford extended the time for discovery. However, it is Voith who is entitled to assert the statute of limitations bar. Voith is entitled to the protection of the statute after the passage of one year without being subject to suit. This is so regardless of any agreed extensions of time between Brock and Ford. Again, there is no suggestion that Brock was misled or that Voith's identity was concealed. In fact, Voith identity was *revealed* in the incident report on December 16, 2010.

Brock's failure to amend his complaint prior to the expiration of the one-year statute of limitations renders his claims against Voith time-barred. A separate order will be entered this date dismissing the claims against Voith.

**IT IS SO ORDERED.**

November 8, 2012

**Charles R. Simpson III, Judge**
**United States District Court**