UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SOL D. BROCK                                                                    PLAINTIFF

v.                                                                 NO. 3:11-CV-716-CRS-JDM

FORD MOTOR COMPANY                                                          DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on the motion of Defendant Ford Motor Company

("Defendant") for summary judgment. (DN 39).  Plaintiff Sol D. Brock ("Plaintiff") has filed a

response to Defendant's motion (DN 40), to which Defendant has replied (DN 41).  Fully

briefed, the matter is now ripe for adjudication.  For the reasons stated herein, Defendant's

motion for summary judgment (DN 39) will be granted.

## I.       BACKGROUND

The following facts are undisputed.  Plaintiff is a Kentucky resident who originally filed

this state law personal injury action in Jefferson Circuit Court on December 1, 2011.  In his

complaint, Plaintiff asserted a negligence claim against Defendant and sought damages for

personal injuries he allegedly sustained at Defendant's facility.

Defendant is a Delaware corporation with its principal place of business in Michigan.

After Defendant was properly served, it timely removed the case to this court on the basis of

diversity jurisdiction. (DN 1).  Plaintiff then filed an amended complaint, adding Voith Industrial

Services, Inc. as a defendant. (DN 14).  On November 8, 2012, we granted Voith Industrial

Services' motion to dismiss the claims against it (DN 18) on the ground that such claims were

barred by the statute of limitations. (DN 30).  The parties then engaged in fact discovery, which

they completed on or before January 29, 2013.  Defendant has now moved for summary

judgment. (DN 39).

Plaintiff is a truck driver who operated under an independent contractor agreement with

TransCorr, LLC ("TransCorr"), an Indiana trucking company.  TransCorr, in turn, subcontracted

with Defendant to pick up and deliver vehicle parts to and from Defendant's Kentucky Truck

Plant ("Plant").  On December 16, 2010, TransCorr sent Plaintiff to pick up vehicle parts at the

Plant and deliver them to a contractor in Ohio.  While waiting to pick up his load at the Plant,

Plaintiff fell on snow and ice and allegedly suffered injuries to his lower back.

After the incident, one of Defendant's employees filed a Preliminary Initial Security

Report which indicated that Plaintiff "slipped and fell on ice landing on his hand and leg" and

instructed Defendant's snow removal company to put salt in the area in which Plaintiff fell. (DN

14-1).  Plaintiff alleges that the area where he fell had not been cleaned or salted and that he was

not warned about the snow, ice, or other dangerous conditions on Defendant's premises.

Plaintiff did not file a workers' compensation claim with TransCorr or Defendant, but rather

submitted a claim to—and was approved for coverage by—OneBeacon Insurance, through which

he had previously purchased truckers' occupational accident insurance.  That policy specifically

states that it is not a substitute for workers' compensation insurance.

## II.    STANDARD

A court may grant a motion for summary judgment if it finds that there is no genuine

dispute as to any material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its

motion and of identifying the portion of the record that demonstrates the absence of a genuine

issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving

party satisfies this burden, the nonmoving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48 (1986).

The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp*., 303 F.2d 425 (6th Cir. 1962). However, the nonmoving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party cannot rely upon the assertions in its pleadings; rather, that party must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. It must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

Defendant asserts the "up-the-ladder" defense[1] to support its contention that it is immune from tort liability. According to Defendant, the Kentucky Workers' Compensation Act ("KWCA") provides the exclusive remedy in this case. This defense is outlined in KRS §§ 342.610 and 342.690. KRS § 342.610(2) states in part as follows:

> A contractor who subcontracts all or any part of a contract and his or her carrier shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such

---

[1] The "up-the-ladder" defense is also known as "exclusive remedy immunity." *See General Elec. Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007).

compensation has secured the payment of compensation as provided for in this chapter. . . . A person who contracts with another:

. . .

(b)     To have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person

shall for the purposes of this section be deemed a contractor, and such other person a subcontractor.

KRS § 342.610(2).  KRS § 342.690(1) provides that if an employer secures payment of workers'

compensation as required by the KWCA, "the liability of such employer under [the KWCA]

shall be exclusive and in place of all other liability of such employer . . . ."  For purposes of KRS

§ 342.690(1), "the term 'employer' shall include a 'contractor' covered by subsection (2) of KRS

342.610, whether or not the subcontractor has in fact, secured the payment of compensation."

KRS § 342.690(1).

The Kentucky Supreme Court has outlined the "up-the-ladder" defense as follows:

If premises owners are "contractors" as defined in KRS 342.610(2)(b), they are deemed to be the statutory, or "up-the-ladder," employers of individuals who are injured while working on their premises and are liable for workers' compensation benefits unless the individuals' immediate employers have provided workers' compensation coverage.  If deemed to be "contractors," the owners, like any other employers, are immune from tort liability [exclusive remedy immunity] with respect to work-related injuries whether or not the immediate employer actually provided workers' compensation coverage.  Thus, whether an owner is entitled to "exclusive remedy" immunity depends upon whether the worker was injured while performing work that was "of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession" of the owner.  If so, the owner is immune; if not, the owner is subject to tort liability.

*General Elec. Co. v. Cain*, 236 S.W.3d 579, 585 (Ky. 2007) (citation omitted).  Thus, if a

premises owner invokes this defense, it "has no liability in tort to an injured employee of a

subcontractor once worker's compensation benefits are secured."  *Giles v. Ford Motor Co.*, 126

F. App'x 293, 295 (6th Cir. 2005) (internal citations omitted).  In addition, a "contractor" that is

potentially liable under KRS 342.610(2) for workers' compensation benefits to the

subcontractor's injured employee is also entitled to full immunity from tort liability to that

injured employee. *See Daniels v. Louisville Gas & Elec. Co.*, 933 S.W.2d 821, 823 (Ky. Ct.

App. 1996); *see also Thompson v. The Budd Co.*, 199 F.3d 799, 804 (6th Cir. 1999).

A premises owner who asserts the up-the-ladder defense "must both plead and prove the

affirmative defense." *General Elec. Co.*, 236 S.W.3d at 585. Determining the circumstances

applicable to the "up-the-ladder" defense is typically a matter of fact and law for a court to

decide. In making this determination, this court must first discern whether Defendant has shown

that: (1) it is a "contractor," as defined in KRS § 342.610(2); and (2) it secured the payment of

compensation, as required by KRS §§ 342.610(2) and 342.690(1).

### A. Defendant is a "Contractor," as Defined by KRS § 342.610(2)

Under the KWCA, an employer is considered a "contractor" if it "contracts with

another . . . [t]o have work performed of a kind which is a regular or recurrent part of the work of

the trade, business, occupation, or profession of such person." KRS § 342.610(2)(b). In

interpreting this statute, the Kentucky Supreme Court has defined "regular" as meaning "that the

type of work performed is a customary, usual or normal part of the premises owner's trade,

business, occupation, or profession, including work assumed by contract or required by law."

*General Elec. Co.*, 236 S.W.3d at 586–87 (citation and quotation marks omitted). "Recurrent" is

defined as meaning "that the work is repeated, though not with the preciseness of a clock." *Id.* at

587 (citation omitted).

The facts here are similar to a case involving Ford Motor Company, in which the Sixth

Circuit affirmed the district court's application of the "up-the-ladder" defense and held that Ford

Motor Company was a "contractor" under the definition in KRS § 342.610(2). *See Giles*, 126 F.

App'x at 294, 296.  In *Giles*, the plaintiff, a truck driver for Pegasus Transportation, Inc.,[2]

brought a personal injury suit against Ford Motor Company for injuries he allegedly sustained

while making a delivery to Ford's truck plant.  *Id.* at 294.  Unlike the case at bar, the plaintiff in

*Giles* was an employee of Pegasus, the subcontracting company, and successfully filed a

worker's compensation claim against Pegasus.  *Id.*  Affirming the district court's application of

the KWCA's "up-the-ladder" immunity provision to Ford, the Sixth Circuit found that Ford was

a "contractor" within the meaning of KRS § 342.610(2) because "the delivery of parts or goods

from one company site to another is a regular and recurrent part" of its business.  *Id.* at 295–96

("Delivery of parts from one Ford plant to another is—in itself—a regular and recurrent aspect of

Ford's manufacturing business[.]").  The Sixth Circuit also held that "[t]he fact that [plaintiff]

happened on this occasion to be delivering parts picked up at a third-party supplier does not alter

the fundamental nature of Ford's relationship with Pegasus, his employer."  *Id.* at 296–97.

As in *Giles*, the circumstances here fit solidly within the parameters of work which is a

"regular or recurrent part" of Defendant's trade in business.  Defendant has produced evidence

which shows without contradiction that it regularly and customarily transported and delivered

goods and component parts from its Plant to a contractor, and this was an "integral part of [its]

ability to manufacture vehicles." (DN 39-1, p. 4–5; DN 39-3, ¶ 4).  These tasks were normally

performed by Defendant's employees or independent contractors, such as TransCorr. (DN 39-1,

p. 4–5; DN 39-3, ¶ 5).  Plaintiff has not introduced any facts to the contrary.  Thus, Defendant

has produced sufficient evidence to show that it is a "contractor," within the meaning of KRS §

342.610(2).

---

[2]  Ford contracted with Pegasus Transportation, Inc. "to transport automobile components and parts between several of [its] manufacturing plants . . . and to pick up parts from third-party suppliers." *Giles*, 126 F. App'x at 294.

### B. Defendant Secured the Payment of Compensation

To satisfy the second requirement of the "up-the-ladder" defense, a premises owner must show that it secured the payment of compensation to the employee. *See* KRS § 342.690(1); *General Elec. Co.*, 236 S.W.3d at 605. In *General Elec. Co. v. Cain*, the Kentucky Supreme Court held that

> A certification of coverage from the Department of Workers' Claims or an uncontroverted affidavit from the employer's insurer is prima facie proof that a company has secured payment of compensation for the purposes of KRS 342.690(1). Absent evidence that the coverage was in some way deficient as to a worker, such a showing is enough to invoke the exclusive remedy provision of KRS 342.690(1), if applicable.

236 S.W.3d at 605. If the employer provides such proof of coverage, "the burden shifts to the worker to show that the coverage is in some way deficient." *Stanley v. Our Lady of Bellefonte Hosp., Inc.*, 2012 WL 4329265, at *7 (E.D. Ky. Sept. 20, 2012) (citing *General Elec. Co.*, 236 S.W.3d at 605).

As proof that it provided coverage in accordance with the requirements of KRS § 342.690(1), Defendant submits a copy of a certificate from the Commissioner of the Kentucky Department of Workers' Claims. The certificate states that Defendant had self-insured workers' compensation coverage for the date of the incident. (DN 39-6). Because Defendant has presented proof that it secured payment of compensation, the burden now shifts to Plaintiff to show that the coverage was deficient. *See Stanley*, 2012 WL 4329265, at *7.

Plaintiff does not explicitly contend that Defendant's coverage was deficient, but rather that he was not entitled to receive workers' compensation benefits from Defendant or TransCorr because he was an independent contractor. (DN 40, p. 9–12). The Sixth Circuit has held that "the relevant inquiry under the KWCA is not whether the injured worker is an employee or independent contractor, but rather whether the task the independent contractor is hired to perform

is a regular or recurrent part of the work of the trade, business, occupation, or profession of the premises owner." *Black v. Dixie Consumer Prods. LLC*, 516 F. App'x 412, 415 (6th Cir. 2013). Even if Plaintiff was an independent contractor, we have already determined that Defendant is a "contractor" within the meaning of KRS § 342.610(2) because the task Plaintiff was hired to perform was a regular or recurrent part of Defendant's business. Although an independent contractor is not entitled to seek workers' compensation benefits,[3] Kentucky courts do not appear to prevent premises owners from invoking the "up-the-ladder" defense against independent contractors, so long as the premises owner is a "contractor" as defined in KRS § 342.610(2) and provides the court with proof that it secured payment of compensation. *See, e.g.*, *General Elec. Co.*, 236 S.W.3d at 605. We have previously determined that Defendant meets the definition of a "contractor" and submitted a certification of coverage from the Department of Workers' Claims as proof that it secured payment of compensation. Accordingly, Plaintiff has not shown that Defendant's coverage was deficient.

Defendant has introduced evidence which tends to prove that it is a contractor for the purposes of KRS § 342.610(2) and that it secured payment of compensation to Plaintiff. Because Defendant is deemed to be an employer, or contractor, for the purposes of KRS § 342.610, it is entitled to assert the "up-the-ladder" defense to avoid tort liability on Plaintiff's claim. The fact that Plaintiff did not request or receive workers' compensation from TransCorr or Defendant is not relevant to the determination of this matter. Defendant submitted proof that it was capable of paying Plaintiff's workers' compensation claim, had Plaintiff filed such a claim. *See* KRS § 342.609(1) (stating that a premises owner can be considered a "contractor" under KRS § 342.610 "whether or not the subcontractor has in fact, secured the payment of

---

[3] *See Hubbard v. Henry*, 231 S.W.3d 124, 128–29 (Ky. 2007) ("An individual who performs service as an independent contractor in the course of an employer's trade, business, profession, or occupation has effectively elected not to be covered [under the KWCA].") (citing KRS § 342.650(6)).

compensation" for the employee); *McWhinnie v. U.S.*, 2009 WL 8764296, at *2 (6th Cir. Nov. 25, 2009) ("[A]n 'up-the-ladder' contractor must establish that it has a workers' compensation program or insurance that would have paid a plaintiff's claim in the event of a plaintiff's employer failing to do so."). As no genuine issues of fact remain, Defendant is entitled to summary judgment.

## IV.    CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (DN 39) is **GRANTED**. A separate order will be entered in accordance with this opinion.

November 4, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**